# LAWRENCE v. MORGAN'S RAILROAD AND STEAM-SHIP COMPANY.

## APPEAL FROM AND IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF LOUISIANA.

Submitted April 21, 1887. — Decided May 2, 1887.

Land in Louisiana claimed by L., a citizen of New Jersey, having been seized on an execution recovered in a state court of Louisiana, L. filed "a petition of third opposition" under the practice in that state, asking for an injunction against the sheriff to restrain the sale. It was stated in the petition that the state judge of the district was absent from the state, and an order of injunction was granted by the clerk of the court under circumstances set out in the opinion of this court. L. then petitioned for the removal of the cause to the Circuit Court, which was done. The Circuit Court remanded the cause to the state court. *Held*, that under the circumstances no injunction had been granted by the state court; that the case must be treated as having been taken to the Circuit Court to get an injunction; and that it was properly remanded.

APPEAL from an order remanding a cause to the state court from which it had been removed. The case is stated in the opinion of the court.

*Mr. B. R. Forman* for appellant and plaintiff in error.

*Mr. Henry J. Leovy* for appellees and defendants in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is an appeal under § 5 of the act of March 3, 1875, c. 137, 18 Stat. 470, from an order of the Circuit Court remanding a suit or proceeding which had been removed from a state court. The record shows that a *fieri facias* had been issued out of the 19th Judicial District Court for the Parish of St. Mary, Louisiana, on a judgment in that court at the suit of Robert Todd, trustee, against Robert B. Lawrence, under which certain lands claimed by Mrs. Frances E. Lawrence, a citizen of New Jersey, had been seized and advertised for sale on the second of June, 1883, by Minos Gordy, the sheriff of

the county. The judgment had been assigned to Morgan's Louisiana and Texas Railroad and Steamship Company, a Louisiana corporation, and on the 31st of May, 1883, Mrs. Lawrence caused to be prepared what is called in the practice of the courts of Lousiana a "petition of-third opposition," to be filed in the 19th Judicial District Court of the Parish of St. Mary, to restrain Todd, the trustee, the railroad company, and the sheriff from selling the property under the seizure, claiming it as her own. This is a proceeding authorized by the Code of Practice of Louisiana, Arts. 395, 396, but it must be had in the court which rendered the judgment in virtue of which the seizure has been effected. Art. 397. The petition was verified by the oath of Mrs. Lawrence, May 31, and in her affidavit she stated "that Hon. T. S. Goode, the judge of the 19th Judicial District in and for the Parish of St. Mary, is absent from said parish." A bond was also executed on the same day, such as the Code of Practice required in case of the allowance of an injunction, and at the foot of the petition, as printed in the record, is the following:

"Considering the allegations and prayer of the foregoing petition, it is ordered that the third opposition of the plaintiff be, and is hereby, allowed to be filed, and that an order and writs of injunction issue, as prayed for, on plaintiff giving bond and security, according to law, in the amount equal to one-half of the claim under which the seizure enjoined was made.

"Granted at Franklin, parish of St. Mary, this 31st day of May, A.D. 1883.

"(Signed) J. B. VERDIM, Jr., *Clerk.*"

All these papers were filed with the clerk of the 19th Judicial District Court on the 1st of June, and also the following:

"PARISH OF ST. MARY, 1 *June,* 1883.

"I hereby accept service of the foregoing petition and writ of injunction herein prayed for, and waive service of citation on me in the premises.

"(Signed) M. T. GORDY, *Sheriff.*"

The record also shows a petition by Mrs. Lawrence to the judge of that court, setting forth that she had "sued out of your honorable court a third opposition, coupled with a writ of injunction" for the purpose of restraining the sale under the seizure, as above stated, and praying for the removal of such suit to the Circuit Court of the United States for the Eastern District of Louisiana on account of the citizenship of the parties, she being a citizen of New Jersey, and all the defendants citizens of Louisiana. At the foot of this petition, as printed in the record, is the following:

"On the pleadings and proceedings herein, and on the petition and bond filed herein by plaintiff, Mrs. Frances E. Lawrence, under the provisions of the acts and laws of the United States to regulate the removal of causes from state courts, and for other purposes, and on motion of counsel of petitioner in said case and the foregoing petition, it is ordered that the security offered by Mrs. Frances E. Lawrence, plaintiff therein, to wit, Townsend Lawrence, be approved, and that the state court proceed no further in the cause, and that this cause be removed into the Circuit Court of the United States for the Eastern District of the State of Louisiana next to be held in said district.

"Dated this 1st of June, 1883.

"(Signed)                                 F. S. GOODE, *Judge*."

The petition for removal and this order were filed with the clerk of the court on the 2d of June. On the 5th of November following, the suit was entered in the Circuit Court, and, on the 20th of March, 1884, the defendants moved that it be remanded. This motion was heard April 5, 1884, and granted April 7. From the order to that effect this appeal was taken.

Section 720 of the Revised Statutes provides that "the writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy;" and, in *Bondurant* v. *Watson*, 103 U. S. 281, 288, which was a suit removed from

a state court on the application of the defendant after an injunction staying proceedings in the state court for his benefit had been granted, it was said: "If Watson had filed his petition for injunction in the state court, and before it was allowed had petitioned for a removal of the cause to the Circuit Court, with the design of applying to that court for his injunction, the objection to the right of removal would have force. That would have been an evasion of the statute." Such clearly is this case. The petition for removal was filed by the party who brought the suit, and there is nothing whatever in the record to show that the injunction she asked for was ever granted by the court or any judge thereof prior to the removal. The affidavit of Mrs. Lawrence shows that the judge was absent from the parish at the time the order which is in the record signed by the clerk purports to have been granted; and we have been referred to no statute or judicial decision in Louisiana authorizing the clerk to make such an order in the absence of the judge. Under the circumstances, therefore, the case is to be treated as having been taken to the Circuit Court to get an injunction, and not after one had been granted. This, we have no hesitation in saying, cannot be done; and, without deciding whether, under any circumstances, a proceeding such as this was in the state court can be removed to a Circuit Court, we affirm the order to remand.

*Affirmed.*