(17 Misc. Rep. 442.)

HOME BANK v. J. B. BREWSTER & CO. et al.

(Supreme Court, Special Term, New York County.   June, 1896.)

1. CORPORATIONS—ASSIGNMENT FOR BENEFIT OF CREDITORS.
    Laws 1892, c. 688, § 48, which prohibits assignments by corporations when made with intent to prefer creditors, repeals the provision of Laws 1890, c. 564, § 48, prohibiting an assignment by a corporation in contemplation of insolvency.

2. SAME—INTENT TO DEFRAUD.
    An intent to defraud creditors by the execution of bills of sale and a general assignment appears where the grantor was insolvent, and there was no change of possession of the property covered by the bills of sale, and, just before the assignment was made, some of the property of the grantor was delivered to certain creditors.

Action by the Home Bank against J. B. Brewster & Co., a corporation, and others, to set aside an assignment for benefit of creditors, and certain bills of sale, mortgages, and transfers by said company as in fraud of its creditors.    Judgment for plaintiff.

R. B. Kelly (William C. Beecher, of counsel), for plaintiff.
Cortlandt Betts, Thomas G. Shearman, W. F. Severance, and Arthur Furber, for defendants.

TRUAX, J. This is an action brought to set aside an assign-- ment made by the defendant, J. B. Brewster & Co., a domestic cor- poration, incorporated under the act of 1848, and the several acts. extending and amending the same, and also to set aside several bills of sale and a mortgage made by said corporation`prior to the mak- ing of the assignment, on the 'ground that the assignment was void, and was made with the intent to hinder, delay, or defraud the cred- itors of the corporation, and that there was not an actual and continued change of possession of the goods mentioned in the bills of sale, and that the mortgage was not recorded as required by the recording act. I am of the opinion that the assignment is not· void, and that the case of Manufacturing Co. v. Harrison, 73 Hun, 528, 26 N. Y. Supp. 109, is no longer an authority. That case and the case of Vanderpoel v. Gorman, construing section 48 of chapter· 564 of the Laws of 1890, which prohibited certain transfers of the stock or property of corporations, and provided that no officer, di- rector, or stockholder of a stock corporation should make any trans- fer or assignment of its property, or any stock therein, to any per- son, in contemplation of its insolvency, and that every such transfer or assignment to such officer, director, or other person, or in trust for them or for their benefit, should be void. The right of a cor- poration to make an assignment at common law has been recognized' many times by the courts of this state. It was said in Vanderpoel v. Gorman, 140 N. Y. 568, 35 N. E. 932, that there can be no doubt that an insolvent corporation could at common law make a general assignment in trust to an assignee for the benefit of its creditors;· that the right to make such an assignment exists inherently in all corporations unless especially forbidden, and that in regard to do- mestic corporations it had especially been forbidden. Section 48 of the act above referred to was amended by section 48 (c. 688) of· the stock corporation law of 1892, and now only prohibits such conveyance, assignment, or transfer when made "with the intent of· giving a preference to any particular creditor over other creditors· of the corporation." This amendment has given to stock corpora- tions the right to make general assignments without preferences. The evidence shows that the corporation, J. B. Brewster & Co., was hopelessly insolvent when it incurred its indebtedness to the· plaintiff, and when it made the transfers and assignment which the plaintiff seeks to set aside. The transactions of the corporation with Mrs. Smith, Mr. Mook, and Mr. Cone were made by the cor- poration with the intention of hindering, delaying, or defrauding its creditors, and did, in fact, hinder, delay, and defraud its cred- itors. There was no actual and continued change of possession of the property covered by the bills of sale. At all times that prop- erty, in effect, remained in the possession of the vendor. This, the· statute says, is enough to raise the presumption that the sale was· fraudulent and void as against the creditors of the vendors. It may be that the persons above named were not intentionally parties to this fraud, but they must be deemed to have intended the nat- ural and inevitable consequence of their acts, which was to hinder, delay, or defraud the creditors of the insolvent corporation. Cole--

man v. Burr, 93 N. Y. 31. It may well be that what Mr. Cone did he thought he was doing for the benefit of the corporation, but such was not its legal effect. It was the duty of the officers of the corporation, when they ascertained the insolvent condition that the corporation was in, to take measures to secure a distribution of the assets of the corporation among all its creditors. This they did not do. Just before the assignment was made, and really as part of the assignment, they delivered certain property of the corporation to certain creditors. It is true that it is claimed that this property was substituted for other property that had been mentioned in the bills of sale, but in fact the property delivered just before the making of the assignment was not property that had been mentioned in the bills of sale. It was testified to on the trial that both Mrs. Smith's and Mr. Mook's carriages were to be taken at "low cost,"—that is, the actual cost to the corporation of the material and labor used in constructing the carriages,—and that the difference between that price and the selling price was to belong to the company. The evidence, however, shows that the president of the company, on the day the assignment was made, delivered to his wife five carriages, and on the day after the assignment was made seven carriages, and allowed her to keep the entire value of the carriages. Four carriages were also delivered to Mr. Mook under the same conditions. The evidence also shows that Mr. Cone, who was not an officer of the corporation, was allowed to name the assignee, and that in fact all of the proceedings relating to the appointment of the assignee were controlled by Mr. Cone. I cannot resist the conclusion, from the evidence in the case, that the transfers, bills of sale, mortgage, and assignment were all part of a scheme entered into on the part of the officers of the corporation to hinder, delay, or defraud the creditors of the corporation, and that the effect of such action was to hinder, delay, and defraud the creditors of the corporation. "While prior fraudulent transfers by the assignor do not necessarily avoid the assignment, they may be considered in determining whether there was any fraud in the assignment itself." Loos v. Wilkinson, 110 N. Y. 195, 18 N. E. 101. I am of the opinion that the bills of sale, mortgage, and assignment should be set aside; that a receiver should be appointed; that Mrs. Smith, Mr. Cone, and Mr. Mook, and the assignee should account for the property; and that the plaintiff should have judgment as aforesaid, with costs, and an extra allowance of 5 per cent., to be paid in the first instance out of the fund. No costs against the defendant Armstead.

Ordered accordingly.