(15 App. Div. 338.)

HOME BANK v. J. B. BREWSTER & CO. et al.

(Supreme Court, Appellate Division, First Department. March 5, 1897.)

1. CREDITORS' SUIT—IN AID OF EXECUTION—RELIEF GRANTED.
    A judgment creditor suing, before the return of his execution, to set aside fraudulent transfers, is entitled to relief only as to transfers of property which was in the county where the judgment was entered, and subject to levy when the execution was issued.

.2. SAME—RELIEF NUNC PRO TUNC.

In such case the creditor's action is not defeated by the expiration, before it is decided, of the 60 days within which the execution must be returned (Code Civ. Proc. § 1366), but the relief to which he was entitled when the action was commenced will be granted.

Appeal from special term, New York county.

Action by the Home Bank against J. B. Brewster & Co. (a corporation) and others to set aside an assignment for the benefit of creditors, and previous transfers of property, as in fraud of creditors. From a judgment entered on a decision of the trial judge in favor of plaintiff (41 N. Y. Supp. 203), defendants appeal. Modified.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Arthur Furber and Thomas G. Shearman, for appellants.

W. C. Beecher and R. B. Kelly, for respondent.

WILLIAMS, J.   The action was brought by a judgment creditor of the defendant corporation, having executions in the hands of the sheriff, not returned unsatisfied in whole or in part, to set aside various transfers of property by the corporation, and a chattel mortgage given by the corporation, and finally a general assignment made by the corporation, on the ground that such transfers, mortgage, and general assignment were made with intent to hinder, delay, and defraud the creditors of the corporation, and were therefore void. The judgments were recovered and entered, and executions thereon issued to the sheriff of New York county, as follows:

| | | | |
|---|---|---|---|
| Judgment October | 16, 1895 | $  328 88. | Execution issued same day. |
| "        " | 23, " | 527 69. | "      "      "    " |
| "    November | 1, " | 525 42. | "      "      "    " |
| "        " | 14, " | 2,031 63. | "      "      "    " |

—Making, in all, judgments in the sum of $3,413.62. The transfers, mortgage, and general assignment sought to be set aside were made and are described as follows:   April 24, 1895, transfer to Ella F. Smith defendant, of carriages and wagons of the value of $5,600 and upwards.   May 11, 1895, transfer to Ella F. Smith of 14 other carriages and wagons, of the value of $7,000 and upwards.   October 11, 1895 (just before the general assignment was made), transfer to Ella F. Smith of 5 carriages and wagons, of the value of $7,000 and upwards.   October 12, 1895 (after the general assignment was made, and before the assignee had given any bond), transfer to Ella F. Smith of 7 carriages and wagons, of the value of $4,500 and upwards. July 9, 1895, transfer to the defendant James B. Cone of a policy of insurance on the life of J. B. Brewster for $50,000, the property of the defendant corporation, and of the value of about $10,000; also, carriages and wagons of the value of $6,000 and upwards.   October 11, 1895 (just before the general assignment was made), transfer to James B. Cone of books of account and claims of the value of $6,000. October 12, 1895 (after the general assignment had been made, but before the assignee had given bond), transfer of 2 carriages and wagons, of the value of $2,700 and upwards.   October 11, 1895 (just before the general assignment), transfer to Walter F. Mook of 3

carriages and wagons, of the value of $2,200 and upwards. August 30, 1895, chattel mortgage to defendant Harry H. Armstead, covering 16 wagons, of the value of $9,350, filed in register's office October 12, 1895. October 11, 1895, general assignment to defendant John A. Garver, filed and recorded in New York county clerk's office October 12, 1895, under which the assignee has qualified and is acting. More or less of the property mortgaged, transferred, and assigned was in the city of New York when the executions of the plaintiff were issued, and when this action was commenced, November 18 and 19, 1895, and was subject to levy, by virtue of such executions, except for the transfers, mortgage, and assignment sought to be set aside. The court, by its decision and judgment, set aside all these transfers and the chattel mortgage and general assignment as fraudulent and void as to the plaintiff, on the ground that they were all part of one preconcerted scheme, made and entered into with intent to hinder, delay, and defraud the creditors of the defendant corporation, and their effect was to hinder, delay, and defraud the plaintiff, as one of such creditors, and none of the defendants were bona fide holders of the property covered by such transfers, mortgage, and general assignment. The evidence was sufficient to support the finding and decision of the court as to the fraudulent nature of the transfers, mortgage, and general assignment. Such finding should be sustained so far as it relates to the property within the city and county of New York at the time the executions were issued and this action was commenced. We think the court erred, however, in the relief it granted,—especially that of appointing a receiver of all the property of the defendant corporation, with power to take possession of such property, and to demand, sue for, collect, and receive all the property so transferred, mortgaged, and assigned, and to apply such property and its proceeds to the payment of the plaintiff's executions and costs and fees, and to hold the balance subject to the further order of the court, and appointing a referee to take an accounting with the defendants as to all such property, and restraining the defendants generally from transferring or disposing of any part of such property. This relief was clearly unauthorized in this form of action. It is true that the plaintiff, being merely a creditor, and not an officer, director, or stockholder of the defendant corporation, obtained valid judgments against the corporation, even though the corporation was insolvent, and was known to the plaintiff to be insolvent, when it brought the actions and secured its judgments. Varnum v. Hart, 119 N. Y. 101, 23 N. E. 183; Throop v. Lithographic Co., 125 N. Y. 530, 26 N. E. 742; French v. Andrews, 145 N. Y. 441, 40 N. E. 214. The plaintiff, by such judgments and the issue of executions thereon, secured liens upon the property of the corporation within the city and county of New York, and a preference in the payments of its judgments therefrom over other creditors of the insolvent corporation. The issue of the executions created liens upon such property of the corporation, even though no actual levy was made. Code Civ. Proc. § 1405. The plaintiff pursued its remedy by the recovery of its judgments and the issue of its executions, and, at the time the executions came into the hands of the sheriff, there was considerable property belonging to the corporation in the city

and county of New York, but it could not be levied upon by the sheriff,. by reason of the existence of these fraudulent transfers, mortgage,. and general assignment.    Two remedies were then open to the plain-tiff:    It might have awaited the return of the executions unsatisfied,. and then have brought an action to sequester the property of the cor-poration, under section 1784 of the Code of Civil Procedure, and. have had such transfers, mortgage, and general assignment set aside,. and thus have reached the property so transferred, mortgaged, and as-signed, for the satisfaction of its judgments; and in such action it might have had relief by way of appointment of a receiver, seizure· of all the property of the corporation, accounting by the defendants, and injunction.    But, in such an action against an insolvent corpora-tion, all the creditors of the corporation would have been entitled to· come in and share equally with the plaintiff in the distribution of the property and assets of the corporation.    Code Civ. Proc. § 1793.    The· general provisions of the Code with reference to judgment creditors'' actions do not apply to such an action.    Section 1879.    Such an. action, however, could not have been maintained except upon the re-turn of an execution unsatisfied in whole or in part (Code, § 1784),. and there was no such return in this case.    The plaintiff saw fit to, bring this action in equity, based upon the issue of its executions and; the liens secured thereby upon the property of the corporation then, actually within the city and county of New York, and seeking to re-move the fraudulent transfers, mortgage, and assignment, so far as· they were clouds upon the title of the corporation to the property, in order that the plaintiff might then proceed to levy its executions, upon such property, and sell the same for the satisfaction of its judg-ments.

This action was well and properly brought.    The liens of the execu--tion existed at the time the action was commenced, and the right of action could not be defeated by reason of the postponement of judg-ment beyond 60 days from the date of the issue of the executions.. Such delay was caused by the answers interposed by the defendants,. which rendered a trial of the issues necessary before the judgment could be recovered.    The rights of the plaintiff were to be determined' with reference to the condition of things existing at the time the· action was commenced.    The court affords the relief to which the· plaintiff was then entitled.    The court, however, could only grant the relief appropriate to the particular form of the action as brought,. to wit, set aside, as to the plaintiff's claim, the transfers, mortgage, and assignment so far as they affected the specific property of the· corporation within the city and county of New York at the time the executions were issued and this action was commenced, upon which property alone the executions were liens.    The court could not ad-judge the transfers, mortgage, and assignment void, and set them; aside, as against other parties than the plaintiff, nor as to any prop-erty upon which plaintiff's executions were not liens.    The court could not appoint a receiver of all the property of the corporation, nor take possession of all of it by its receiver, nor administer the· whole estate by an accounting, nor restrain the disposition of it by injunction.    All the plaintiff was entitled to was a levy under its,

executions upon the property upon which there were liens, unobstructed by the fraudulent transfers, mortgage, and assignment. As to all other parties and all other property, the transfers, mortgage, and assignment were valid, and could not be interfered with in this form of action. It is not necessary to cite authorities for these propositions. They are well settled, and are apparent from the very nature of the action brought, which we have heretofore indicated. Bank v. Dakin, 51 N. Y. 519, 524.

The judgment appealed from must therefore be modified by striking out all the provisions therein contained which adjudge the transfers, mortgage, and assignment void, and set them aside, as against any other persons than the plaintiff, and so far as they relate to any property of the corporation other than that upon which the executions were liens at the time the action was commenced, and by striking out all provisions for the appointment of a receiver of any of the property, and all provisions appointing a referee to take an accounting by any of the defendants as to the corporate property, and requiring them to so account, and all provisions enjoining the defendants from transferring, etc., any of the property except such as the executions were liens upon when this action was commenced. In short, the judgment should set aside the transfers, mortgage, and assignment only as to the plaintiff, and only so far as they relate to or affect the specific property upon which plaintiff's executions were liens when this action was commenced, to the end that the plaintiff may levy its executions upon such property, and sell the same to satisfy such executions or judgments upon which they are issued.

As so modified, the judgment should be affirmed, without costs on this appeal. All concur.