680

(17 App. Div. 282.)

## CROLL v. EMPIRE STATE KNITTING CO.

(Supreme Court, Appellate Division, Third Department. May 25, 1897.)

1. CORPORATIONS—INSOLVENCY—RIGHTS OF CREDITORS.

A judgment creditor of a corporation which has made a general assignment may apply for the appointment of a receiver in order to obtain payment of his judgment, and at the same time may present his claim to the assignee for payment.

2. SAME—POWER TO MAKE GENERAL ASSIGNMENT.

The common-law power of corporations to make general assignments, which was taken away by 1 Rev. St. p. 603, § 4, was restored by Laws 1890, c. 564, § 48, as amended by Laws 1892, c. 688, which repealed such provision of the Revised Statutes, and forbade any corporation which has refused to pay any of its obligations to "transfer any of its property," and also forbade any corporation which is insolvent or whose insolvency is imminent to make any conveyance, assignment, or transfer, with the intent of giving a preference to any particular creditor.

Appeal from special term, Schenectady county.

Action by Albert Ivins Croll against the Empire State Knitting Company. From an order vacating an order appointing a temporary receiver of defendant in an action brought by plaintiff, a judgment creditor of defendant with executions returned unsatisfied, for the sequestration of the property of defendant and for its distribution, plaintiff appeals. Defendant moves to dismiss the appeal. Motion denied. Order affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-NAM, and MERWIN, JJ.

Benno Loewy, for appellant.

Benj. N. Cardozo, for respondent.

LANDON, J. Pending the action, upon which plaintiff recovered judgments, the defendant corporation made a general assignment for the benefit of its creditors without preferences. Having perfected his judgments, and issued executions thereon, which were returned unsatisfied, the plaintiff commenced this action in New York county, and moved in that county upon a short order to show cause why a temporary receiver should not be appointed. The defendant's legal residence is in the county of Schenectady. The defendant not appearing upon the motion, a temporary receiver was appointed, as upon default, November 2, 1896. On November 19, 1896, the place of trial of this action was changed, by an order duly made, from the county of New York to the county of Schenectady. Thereupon the defendant, upon affidavits excusing its default and showing the facts above stated, moved at a special term in the Fourth judicial district, which embraces the county of Schenectady, to open its default, and for leave to oppose the motion for a temporary receiver. The plaintiff, in opposition, read an affidavit, charging the general assignee of the defendant with misconduct in disposing of the property of the corporation, and also an order granting leave to the temporary receiver to bring actions against the defendant and its general assignee to set aside the assignment as invalid on its face and without authority under the law; also, to remove the assignee for miscon-

duct. The special term, November 28, 1896, granted the motion from which this appeal is taken. On December 1, 1896, the plaintiff filed with the assignee a claim for the amount due him upon his judgments against the defendant, at the same time giving notice that, while he demanded his proportionate share of the assets, he assailed the validity and legality of the proceedings taken by the assignee for distribution. The defendant moves to vacate this appeal, alleging that, by presenting his claim to the ˙assignee, the plaintiff has recognized the validity of the assignment.

We think the motion to dismiss the appeal should be denied. If the general assignment is good, the plaintiff is entitled to his distributive share under it; if it is bad, he is entitled to have a receiver appointed, and thus obtain his distributive share. As a judgment creditor he should be permitted to resort to whoever, for the time being, is charged with the administration, without thereby foreclosing any right he may have to object to the misconduct of the assignee, or to secure a more satisfactory administrator, whether assignee or receiver. But we think the corporation defendant had the right to make a general assignment for the benefit of creditors without preferences. At common law this right existed. Vanderpoel v. Gorman, 140 N. Y. 568, 35 N. E. 932. It was in effect forbidden by the Revised Statutes, prohibiting transfers of its property by the insolvent corporation or its officers in contemplation of insolvency. 1 Rev. St. p. 603, § 4. This provision was repealed by the stock corporation law of 1890 (chapter 564, § 48), and the latter act was amended by chapter 688, § 48, Laws 1892, which provides:

"No corporation which shall have refused to pay any of its notes or other obligations when due * * * shall transfer any of its property. * * * No conveyance, assignment or transfer of any property of any such corporation by it * * * when the corporation is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over other creditors of the corporation, shall be valid."

Thus the inference is that the common-law right to make an appointment is restored, subject to the condition that the assignment must be without preferences. Bank v. Brewster, 17 Misc. Rep. 442, 41 N. Y. Supp. 203; Id., 15 App. Div. 338, 44 N. Y. Supp. 54; Bish. Insol. (3d Ed.) § 119. Such being the case, there is no occasion to appoint a receiver in sequestration proceedings, since the title to property of the corporation is vested in its assignee, and should not be devested by a receiver except upon cause shown. The statutory provisions for the appointment of a receiver in an action for the sequestration of the property of a corporation are not repealed, and, assuming that charges of misconduct against the assignee would, if established, justify the appointment of a receiver in a sequestration action, the answer here is that, upon the conflicting affidavits submitted, the special term did not find the charges established. These charges are not made in the complaint in the sequestration action, and the assignee is not a party.

We think the change of the place of the trial from New York to Schenectady county gave to the special term in the Fourth district jurisdiction of the motion. Whether the appointment of the temporary receiver in a district other than that of the principal office of

the corporation was void, or voidable as an irregularity, we need not decide.

The motion to dismiss appeal is denied, with $10 costs against the respondent, and the order is affirmed, with $10 costs and disbursements against the appellant.

(20 Misc. Rep. 327.)

SPITZER v. NASSAU NEWSPAPER DELIVERY EXP. CO.

(Supreme Court, Appellate Term. May 28, 1897.)

1. MASTER AND SERVANT—PROOF OF RELATION.

2. TRIAL—STRIKING OUT TESTIMONY.

The court cannot strike out of the answer of a witness qualifying words used therein.

Appeal from city court of New York, general term.