converted, but out of the assets generally. If the particular assets referred to in the counterclaim had been the subject of the action, as if, for instance, the plaintiff had claimed them under a specific legacy, there would have been room for the application of the broad and liberal rule laid down in Carpenter v. Manhattan Life Ins. Co., 93.N. Y. 556, wherein both the complaint and the counterclaim had reference to a quantity of wood which plaintiff had cut from land mortgaged to defendant. Plaintiff claimed damages for the conversion of the wood, and the defendant counterclaimed for the damage done to its security by cutting the timber. In the present case there is no such connection between the legacy bequeathed to plaintiff's assignor, and the property said to have been converted by him.

Judgment reversed, with costs, and demurrer to counterclaim sustained, with costs. All concur.

(109 App. Div. 838)

GORDON v. SOUTHGATE BLDG. CO. et al.

(Supreme Court, Appellate Division, Second Department. December 29, 1905.)

CORPORATIONS—INSOLVENCY—PREFERENCES.

Where a corporation, organized to build houses, had a considerable amount of property which might become profitable by the expenditure of money, but had not ready money to meet its obligations, a transfer of seven houses subject to incumbrances amounting to $43,000, in compromise of a debt of $7,000, which amount could not be realized on the houses above the incumbrances, was not, in the absence of actual fraud, invalid as to a subsequent judgment creditor, under Stock Corporation Law, Laws 1892, p. 1838, c. 688, § 48, providing that no transfer by a corporation which is insolvent, or whose insolvency is imminent, with intent to give a creditor a preference over other creditors, is valid.

[Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, §§ 2152–2165.]

Miller, J., dissenting.

Appeal from Special Term, Kings County.

Action by Rosie Gordon against the Southgate Building Company and others. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, RICH, and MILLER, JJ.

Chas. Goldzier, for appellant.
Van Mater Stilwell, for respondents.

WOODWARD, J. The defendant Southgate Building Company was organized under the laws of this state in January, 1901, for the purpose of finishing 50 houses then in course of construction and which had been purchased at a foreclosure sale by Howard R. Deacon. Mr. Deacon transferred the property to the corporation, receiving all but three of the shares of the stock for his equity in the premises and the money he had contributed. At the time this conveyance was made to the corporation there was an incumbrance, consisting of a mortgage held by one Charles McLaughlin for $225,000, on which there had been made

advances of $189,000, with taxes, and to finish these houses two subsequent loans were obtained by the corporation, one from James McLaughlin for the sum of $89,000, and the other from Charles McLaughlin for $35,000; so that in May, 1902, there was due on these three mortgages the sum of $313,000, besides interest, unpaid tax assessments, and water rates for three years. It is evident that the corporation, considered as a going concern, was in a bad situation; but it can hardly be said that it was insolvent. It had a considerable amount of property, which, with the expenditure of money, might become profitable. As a business concern, considered as a banking or manufacturing concern, it would probably have been insolvent, as it appears that it did not have the ready money to meet its obligations; but, considering the purposes for which it was organized, and the fact that it had property which might be equal to its obligations, it cannot be said as a matter of law that the acts of the directors and officers of the corporation were in contemplation of insolvency. So far as appears, all of the acts were done in good faith, and with the evident purpose of taking care of the obligations of the corporation and preserving the property.

On the 20th day of February, at the time of the organization of the corporation, Mr. Deacon entered into a contract with the Southgate Building Company to furnish trim to complete the said houses, for which he was to be paid certain sums in cash, and the balance by taking a blanket mortgage covering seven of the said houses for $7,000. This contract appears to have been performed on the part of Mr. Deacon and then assigned to Clarence E. Keyser. The latter made a demand on the company to fulfill the contract on its part, and, the corporation being unable to do so, the directors compromised with Mr. Keyser by conveying, in satisfaction of his claim as assignee, seven houses, subject to seven separate mortgages, aggregating $43,000, and this is one of the transactions which the plaintiff, as a judgment creditor subsequent in point of time to the transfer, seeks to have set aside upon the ground of fraud, and upon the further ground that it is in violation of the provisions of section 48 of the stock corporation law (Laws 1892, p. 1838, c. 688). There is no evidence of any actual fraud in the transaction. So far as appears from the evidence, the transfers were made in good faith, and we are unable to discover that this effort on the part of the corporation to adjust its affairs and to make its assets available, long before the plaintiff's judgment was secured, had in it any of the elements of a violation of section 48 of the stock corporation law. This statute was designed to secure a fair distribution of the assets of a failing corporation among its creditors, and to prevent a preference of any of them. It does not, however, go to the fanciful extent of prohibiting the directors from paying or securing a debt of the corporation. Swan v. Stiles, 94 App. Div. 117, 122, 87 N. Y. Supp. 1089, and authority cited. "It is easy now to say that the company was insolvent at the time the chattel mortgage was given," say the court in the above cited case. "The directors, however, were acting from the conditions then existing and in the best of faith, and a transaction of that kind is not contrary to public policy or invalid, even though the corporation was in fact insolvent at the time. Converse v. Sharpe, 161 N. Y. 571, 56 N. E. 69." It seems to us that the plaintiff, by failing to show actual

fraud, has failed to bring his case within the intent of the statute upon which he relies, and that the corporation in paying a contract debt, by transferring property upon which there were large prior incumbrances, and before the claim of the plaintiff had been established, cannot be said to have violated any of the provisions of law.    Moreover, under the facts disclosed by the evidence in this case, the incumbrances upon the whole property were so large, involving the raising of so much money, that the rights of the plaintiff could hardly be of great importance, even if the entire transaction were to be set aside.    It is extremely doubtful if the property could be sold under the most advantageous circumstances to realize the amount of the mortgages, which are concededly prior liens to that of the plaintiff, and the action would serve no good purpose, except possibly to force a compromise.

A careful examination of the facts, as disclosed by the evidence, convinces us that the plaintiff has failed to establish a cause of action, and that the complaint was properly dismissed.    The corporation was undoubtedly hard pressed.    It had large outstanding obligations, and a number of transfers were made, apparently for no other purpose than to avoid the expense of foreclosure proceedings and to make the assets of the corporation available to meet the purposes for which it was organized; but there appears to have been nothing done in contemplation of insolvency, in the sense that that term might be used in connection with an active business corporation.    The directors, however mistakenly, appear to have been doing business with the purpose of preserving the corporation and its property, and enabling it to meet its obligations. This was done when, as it appears, the corporation was advised that it did not owe the plaintiff, and it would be carrying the provisions of section 48 of the stock corporation law far beyond any probable intent of the Legislature to apply it to the situation here presented.

The judgment appealed from should be affirmed, with costs.

HIRSCHBERG, P. J., and RICH, J., concur.  MILLER, J., dissents.  BARTLETT, J., not voting.