(50 Misc. Rep. 464.)

AMERICAN MORTG. CO. v. MERRICK CONST. CO. et al.

(Supreme Court, Special Term, New York County.  May, 1906.)

**1. MORTGAGES—CONSIDERATION.**

Where a landowner gives a mortgage to a trustee to pay all creditors who could file mechanics' liens against a building being erected on the mortgaged premises, and the mortgagee executes a deed of trust, declaring the purpose for which the mortgage was given, the deed is a sufficient consideration to support the mortgage.

**2. FRAUDULENT CONVEYANCES.**

Where a corporation, the owner of land, mortgages the same for the purpose of paying each and all creditors who could file mechanics' liens against the premises, and the mortgagee executes a deed of trust for that purpose, a preference arising from the refusal of certain creditors to accept the benefits of the mortgage does not invalidate it under stock corporation law, § 48, Laws 1892, p. 1838. c. 688, forbidding the giving of preferences by an insolvent corporation.

[Ed. Note.—For cases in point, see vol. 24, Cent. Dig. Fraudulent Conveyances, §§ 373, 374.]

**3. MORTGAGES—FORECLOSURE SALE—RIGHTS OF PURCHASER TO RENTS.**

Where pending foreclosure the receiver of the mortgaged premises collects the rent of certain tenants in advance the purchaser of the property cannot obtain such rents by an application under Code Civ. Proc. § 2405, relating to the distribution of surplus moneys arising on foreclosure, but his recourse is over against the tenants.

[Ed. Note.—For cases in point, see vol. 35, Cent. Dig. Mortgages, § 1566.]

Action by the American Mortgage Company against the Merrick Construction Company and others.  Motion to confirm a referee's report regarding the distribution of surplus money on foreclosure. Denied.

Chauncey S. Truax, for defendant Smith.

Jas. A. C. Johnson, for defendant Yellow Pine Co.

BLANCHARD, J.  This is a motion to confirm a referee's report regarding the distribution of surplus moneys.  The plaintiff foreclosed a mortgage upon property owned by defendant Merrick Construction Company, and the surplus moneys were deposited with the city chamberlain.  At the time of the foreclosure, a junior mortgage, to the defendant Smith, to secure the sum of $42,230.79 had been recorded June 1, 1904, and purported to cover the premises.  At the time of taking the junior mortgage, Smith executed to the mortgagor a deed of trust which was not recorded, declaring that he held the security as trustee for the purpose of paying each and all creditors who could file mechanics' liens against the premises.  The mortgage to Smith was in a sum equal to the aggregate of the claims of all creditors who could file mechanics' liens, including the claimant Yellow Pine Company.  The referee has found that the mortgagor was then indebted to other creditors in the approximate sum of $5,000, and that its total assets, outside of the mortgaged premises, were about $11,000. On June 4, 1904, the Yellow Pine Company filed a mechanic's lien against the premises for $2,704.16, and interest.  This company contended before the referee that its lien was to be preferred to the al-

leged mortgage to Smith, on the ground that the mortgage was given without consideration and was a preference made by an insolvent corporation, and, therefore, invalid under section 48 of the stock corporation law, Laws 1892, p. 1838, c. 688. The referee sustained the priority of the mortgage, and to this part of his report the Yellow Pine Company objects. Section 48 of the stock corporation law provides:

"No conveyance, assignment or transfer of any property of any such corporation, by it or by any officer, director or stockholder, nor any payment made, judgment suffered, loan created or security given by it or by any officer, director or stockholder, if the corporation is insolvent, or its insolvency is imminent. with the intent of giving preference to a particular creditor over other creditors of the corporation, or any creditor of the corporation, shall be valid except that laborers' wages for services shall be preferred claims and be entitled to payment before any other creditors out of the corporation assets in cases of any valid liens or encumbrances."

This section does not restrain the right of an insolvent corporation to make a general assignment for the benefit of its creditors without preferences. Vanderpoel v. Gorman, 140 N. Y. 568, 35 N. E. 932; Croll v. Empire State Knitting Co., 17 App. Div. 282, 45 N. Y. Supp. 680; Home Bank v. Brewster & Co., 17 Misc. Rep. 442, 41 N. Y. Supp. 203, affirmed 15 App. Div. 338, 44 N. Y. Supp. 54; Munzinger v. United Press Co., 52 App. Div. 338, 65 N. Y. Supp. 194; Creteau v. Foote & Thorne Glass Co., 54 App. Div. 168, 66 N. Y. Supp. 370; Linderman v. Hastings Card & Paper Co., 38 App. Div. 488, 56 N. Y. Supp. 456. Had the transfer to Smith been in the form of an assignment for the benefit of the creditors named in the deed of trust, it would doubtless have been valid. The contention of the claimant that the mortgage to Smith was without consideration seems unfounded. By executing the contemporaneous deed of trust, Smith clearly gave consideration sufficient to support the contract of conveyance in the mortgage. The circumstance that the claimant and certain other creditors mentioned as beneficiaries in the deed of trust did not accept its benefits in reduction or payment of their claims cannot affect the naked fact of a mortgage for sufficient consideration to Smith. The most that can be urged as to this circumstance is that the refusal of certain named beneficiaries to accept the benefits of the trust operates as a preference in favor of the other named beneficiaries who accepted. Admitting, for the purpose of argument, that a preference could thereby be created, it clearly is a preference of the objecting creditors' own creation and not a preference created, given, contemplated or "intended" by the mortgagor corporation. The "intention of giving a preference to a particular creditor over other creditors of the corporation" is essential to invalidate the present mortgage. Stock Corp. Law, § 48, Laws 1892, p. 1838, c. 688. Curtis v. Leavitt, 15 N. Y. 108, 111; Gordon v. Southgate Building Co., 109 App. Div. 838, 96 N. Y. Supp. 717, and authorities cited. Since this element is absent in the present case, the mortgage must be sustained and the referee's report confirmed. The purchaser of the premises asserts a claim to part of the surplus moneys upon the gound that the tenants of the premises paid rents in advance to the receiver in

the foreclosure proceeding, which advance rents should properly have been turned over to the purchaser, but instead were wrongly added to the surplus moneys. If, as the purchaser contends, the rents would properly have accrued after he came into possession, he may compel the tenants to make proper payment thereof to himself. At any rate, the purchaser has not brought himself within the class of claimants to surplus moneys fixed by section 2405 of the Code of Civil Procedure. Accordingly his claim must be dismissed. The expenses of the reference will be paid out of the fund.

Ordered accordingly.