In re SUPERIOR JEWELRY CO.

In re LEWITT et al.

(Circuit Court of Appeals, Second Circuit. May 8, 1917.)

No. 245.

BANKRUPTCY ⬤══59—ACTS OF BANKRUPTCY—FAILURE TO DISCHARGE LIEN—
TIME OF ACCRUAL OF LIEN.

A judgment creditor of a corporation having an execution in the hands of the sheriff, which under the law of the state (Code Civ. Proc. N. Y. § 1405) bound the personal property of the judgment debtor, filed a petition in a bankruptcy proceeding against a partnership, alleging that certain personalty in the hands of the trustee was not the property of the bankrupts, but of the judgment debtor, and praying for its release, that it might be subjected to his execution. After a hearing such an order was made, but in the meantime the execution had been returned unsatisfied; an alias execution was issued and levied on the property, which was advertised for sale. Within five days prior to the date of sale, other creditors of the corporation filed a petition in bankruptcy against it, alleging its failure to discharge the lien of the levy as an act of bankruptcy. *Held*, that the petition filed by the judgment creditor was in the nature of a creditors' bill in aid of the execution, and that his lien dated at least from that time, and was not affected by the return of the execution and the issuance of an alias, nor by the filing of the petition in bankruptcy, which was more than four months afterward, and that therefore the failure to discharge the lien was not an act of bankruptcy available thereunder.

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of the Superior Jewelry Company, alleged bankrupt. From an order dismissing the petition (239 Fed. 373), Louis Lewitt and others, petitioning creditors, appeal. Affirmed.

On March 6, 1916, the firm of Goldberg & Sagman was in bankruptcy. The trustee in charge had physical possession of certain jewelry, found by him (so far as this record shows) with the assets of said firm. On the same date Superior Jewelry Company was, and for nearly two years had been, a corporation, against which one Teitelbaum had duly recovered judgment in a court of the state of New York. Upon this judgment Teitelbaum had issued an execution on February 15, 1916, which execution was outstanding, and in the sheriff's hands, on said March 6th. On that date Teitelbaum filed a petition in the District Court, entitled in the Goldberg & Sagman bankruptcy, setting forth that the jewelry aforesaid belonged to Superior Jewelry Company, and not to the bankrupt estate, that the sheriff could not levy on or otherwise apply said jewelry to the satisfaction of his (Teitelbaum's) judgment owing to the bankruptcy court's possession of the same, and praying said court to relinquish such possession in favor of the judgment creditor.

The proceedings on this petition resulted in an order of relinquishment, made by the referee on August 25, 1916, and affirmed by the District Judge September 19th. In the meantime the sheriff had, on April 14th, returned Teitelbaum's execution as unsatisfied. This date was much earlier than hearing on petition for relinquishment. An alias execution was issued July 29th, and was outstanding when the District Court affirmed the referee's order. Thereupon, and on September 27th, the trustee of Goldberg & Sagman permitted the sheriff to levy on the jewelry, and the same was advertised for sale under the execution on October 4th. On that day other creditors of the Su-

⬤══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

perior Jewelry Company filed this involuntary petition against their debtor, alleging as the sole act of bankruptcy, the failure of Superior Jewelry Company to "vacate the judgment or lien" affecting said jewelry, within the statutory period after September 27th. Bankruptcy Act, § 3, subd. 3 (30 Stat. 546, c. 541 [Comp. St. 1916, § 9587]).

Teitelbaum as creditor answered the petition, and the District Court, holding that the alleged act of bankruptcy was not proven, entered the order appealed from.

S. H. Immergluck, of New York City, for appellants.

David Haar, of New York City, for appellee.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). If the judgment creditor's right or lien depends on or arose from the issuance of the alias execution, or the levy made thereunder, then, since both issuance and levy were within the four months period, it may be assumed (though not decided) that the petitioning creditors should prevail, because it was an act of bankruptcy not to discharge such lien within five days. If, however, Teitelbaum acquired a right to or lien upon the jewelry in question by the issuance of his original execution, or by filing his successful petition, or by the conjoint effect of both proceedings, and did not lose the same by the return of such execution, then his lien attached more than four months before the bankruptcy of the Superior Jewelry Company, and he is unaffected thereby.

Since the jewelry in question was personal property physically within the jurisdiction of the sheriff of New York county, Teitelbaum (under ordinary circumstances) had a lien thereupon or (in the language of the statute) the property was "bound by the execution" from the time he delivered the process to the sheriff, i. e., February 15, 1916. Code Civ. Proc. § 1405. The jewelry was in the custody of the District Court sitting in bankruptcy. Any exercise of dominion thereover by the sheriff of New York county would have been unlawful. Covell v. Heyman, 111 U. S. at 182, 4 Sup. Ct. 355, 28 L. Ed. 390; Wiswall v. Sampson, 14 How. 52, 14 L. Ed. 322. This required Teitelbaum to file his petition in and to the court whose possession of the chattels prevented a levy under his execution. The procedure was in accord with Krippendorf v. Hyde, 110 U. S. 276, 4 Sup. Ct. 27, 28 L. Ed. 145.

That petition was of the nature of a creditors' bill, and specifically sought the aid of the court to remove the obstacle to the execution created by the possession of the trustee in bankruptcy. That the court had power to entertain and grant the petition is not denied, and it is certainly apparent. Whether Teitelbaum could have framed his petition in any other way, so as to appeal directly to the bankruptcy court as one conducting proceedings in equity (First National Bank v. Abbott, 165 Fed. 852, 91 C. C. A. 538, 21 Am. Bankr. Rep. 438), is not before us for decision. The petition as preferred was substantially a bill in aid of the execution, and speaks from the time it was filed (Freedman's, etc., Co. v. Earle, 110 U. S. 716, 4 Sup. Ct. 226, 28 L. Ed. 301).

243 F.—24

No question could have arisen on this point, had not the proceedings under Teitelbaum's application been so delayed that the sheriff returned the execution which was outstanding at the date of petition filed. This was immaterial. The fact that the execution had been issued at the time of filing was necessary to jurisdiction. Jones v. Green, 1 Wall. 330, 17 L. Ed. 553; Dunham v. Coxe, 10 N. J. Eq. 437, 64 Am. Dec. 460. The fact of return pending proceeding did not nullify or abort the petition. Royer Wheel Co. v. Fielding, 31 Hun (N. Y.) 274; Home Bank v. Brewster, 15 App. Div. 338, 44 N. Y. Supp. 54. See, also, Beck v. Burdett, 1 Paige Ch. (N. Y.) 305, 19 Am. Dec. 436; McElwain v. Willis, 9 Wend. (N. Y.) 549; Crippen v. Hudson, 13 N. Y. 161. It follows that no preference or lien was created by the act of the sheriff in taking possession of the jewelry in question on September 27th. The lien which he enforced arose not later than March 6th.

Therefore the Superior Jewelry Company did not commit the act of bankruptcy alleged in this petition for adjudication, and the order appealed from was right, and is affirmed, with costs.