In re AMERICAN CANDY MFG. CO. Appeal of MOORE. Appeal of HANRAHAN.

(Circuit Court of Appeals, Second Circuit. January 15, 1919.)

Nos. 119, 120.

BANKRUPTCY ☞265—EQUITABLE LIENS—PROPERTY FRAUDULENTLY TRANSFERRED TO BANKRUPT.

Under the law of New York, by which one corporation may transfer all its property to another, but subject to objecting creditors' rights or "equitable liens" therein, judgment creditors of a corporation, which transfers its property, all in New York, to another corporation, although both are foreign to that state, may follow such property in the hands of the trustee in bankruptcy of the transferee.

Appeals from the District Court of the United States for the Eastern District of New York.

In the matter of the American Candy Manufacturing Company, bankrupt. From orders of the District Court, Ella L. Moore and Josie G. Hanrahan separately appeal. Reversed.

For opinion below, see 248 Fed. 145.

Appeals by petitioners from orders in bankruptcy entered in the District Court for the Eastern District of New York. By stipulation the following facts appeared:

Franklin's, Incorporated, is a New Jersey corporation, which did business in New York. In or shortly before January, 1915, certain officers of that company, by fraudulent representations, induced both petitioners to purchase the "coupon notes" of their company. On April 12, 1915, Franklin's conveyed all its property, real and personal, to the bankrupt above named, a corporation of Delaware whose officers and directors were the same as those of Franklin's. The transferred property was all in Queens county, N. Y., and such transfer divested Franklin's of all it owned. The conveyance was expressly subject to the grantor's debts and liabilities, and the bankrupt by resolution of its directors assumed said debts. The deed for the conveyed realty was recorded November 9, 1915, and no bill of sale for the personalty was ever recorded.

In June, 1915, Franklin's defaulted as to the interest then due on petitioners' "coupon notes." Such default precipitated maturity, petitioners brought suit, and judgments against Franklin's were docketed in Queens county, by Moore for $2.271.12 on October 20, 1915, and by Hanrahan for $537.50 on November 16. On both judgments executions were issued, before November 19th, which were returned nulla bona on December 24th, and on November 19th petition in bankruptcy against American Candy Manufacturing Company was filed; adjudication following.

January 1, 1916, alias executions on both judgments were issued; and while such executions were outstanding (viz. on January 18th) both Moore and Hanrahan filed separate petitions herein, on behalf of themselves and "all other persons similarly situated," setting forth (as was subsequently admitted) that the trustee in bankruptcy had possession of property, or the proceeds thereof, which had been conveyed by Franklin's to the bankrupt; that Franklin's was insolvent, and had made said conveyance in fraud of its creditors, and that the District Court, by the trustee in bankruptcy, therefore had custody and control of property upon which petitioners by virtue of the premises had an "equitable lien." Wherefore it was prayed that so much of said property as was necessary might be devoted to paying petitioners who have at no time filed any claims against the American Candy Manufacturing Company in the bankruptcy proceeding. All creditors of Franklin's other than Moore and Hanrahan have filed claims, and none has sought to join in either petition.

The District Judge rejected both petitions, whereupon these appeals were taken.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Hazel M. Cole, of Albany (Henry D. Merchant, of New York City, of counsel), for appellants.

Harry H. Schutte, of Brooklyn, for trustee in bankruptcy.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). Some facts dwelt on in argument are irrelevant. That petitioners became creditors of Franklin's by fraud does not affect the question; they sought no such mesne process as attachment, whereby they might have secured liens, and creditors, who do not avail themselves of the remedies given by their debtors' fraud in creating the debt, obtain no lien merely by a money judgment for what the fraud cost them.

Success for these petitioners depends on whether they have, timely and in proper manner, asserted rights inherent in all creditors of Franklin's, and violated by the conveyance to American Candy Manufacturing Company.

Possession and control of property late of Franklin's, being all that gave jurisdiction to the District Court, all the transactions complained of having taken place in New York, and no statute of the United States affecting the matter, we consider the question of rights as one depending wholly on the law of New York. So far as procedure is concerned, that discussed in Re Superior Jewelry Co., 243 Fed. 368, 156 C. C. A. 148, was followed, and meets with our approval.

In New York it is lawful for a business corporation to transfer its entire property to a new or another corporation, and leave its creditors to collect from such other or successor company, unless the creditors object; but, if they do object, they cannot be compelled to recognize as their debtor any one with whom they did not contract; and the conveyance, good inter partes, becomes fraudulent as to the nonconsenting creditors, who by appropriate suit (as for sequestration) may pursue the property that was their debtor's unless prevented by some equity other than that of the transferee. Cole v. Millerton, etc., Co., 133 N. Y. 164, 30 N. E. 847, 28 Am. St. Rep. 615; Hurd v. Laundry, etc., Co., 167 N. Y. at 96, 60 N. E. 327, and cases cited; Wilson v. Æolian Co., 64 App. Div. 337, 72 N. Y. Supp. 150, affirmed 170 N. Y. 618, 63 N. E. 1123.

It may be noted that this doctrine, developed proximately from the Cole Case, has had to do usually with New York corporations, and with creditors who at the date of transfer complained of, had pending suits; both circumstances are here absent. They are in our judgment immaterial; a transfer made in New York, and of property in the state, is subject to the laws of the state, and the rule now invoked does not depend on the origin of incorporation, but on the nature of the transaction as reprobated by public policy. Nor do the rights of creditors as such depend on their diligence in bringing suit before transfer made, however much delay in seeking some remedy may open them to the charge of laches. In this case no such defense is made.

The result is that the petitioners, as creditors of Franklin's, who have never consented to a transfer of property, good as between Franklin's and the bankrupt, but fraudulent as to them, are entitled to sat-

isfaction of their demands out of what was, and still is as to them, Franklin's property. This result is reached by applying a principle so fundamental that some other rights of petitioners as judgment creditors (of Franklin's, not of American Candy Manufacturing Company) do not contribute thereto, although existing.

Thus the Moore judgment was docketed before any conveyance of realty out of Franklin's was recorded, and became a lien accordingly, and the delivery of execution to the sheriff of Queens gave a lien on Franklin's personalty. In re Superior Jewelry Co., supra. But these facts do no affect or aid the ruling doctrine that the petitioners, as creditors of Franklin's, are entitled to an accounting from American Candy Manufacturing Company in respect of property as to which as creditors they have rights, called in the Cole Case "equitable liens."

The trustee in bankruptcy stands in the shoes of the American Candy Manufacturing Company, except in so far as he has by statute the rights of a lien creditor; but that means a creditor of the American Candy Mfg. Co. In re Seward Dredging Co., 242 Fed. 228, 155 C. C. A. 65. These petitioners' rights rest on the truth that in equity the American Candy Manufacturing Company took nothing by the conveyance, except what remained after accounting to Franklin's' non-consenting creditors. Similarly the fact that petitioners' judgments and original executions were within four months of adjudication is irrelevant; Franklin's has never been adjudicated.

Petitioners are entitled substantially to the relief prayed for, and the property that was Franklin's, together with whatever else the bankrupt had, having been sold free of liens, and held to await this litigation, interest is demanded. As we pointed out in the Superior Jewelry Case, supra, such petitions as these are in the nature of judgment creditors' bills, and proceed on equitable principles. The trustee's possession was and is lawful, subject to accounting; petitioners' demands are for their judgments, with statutory interest, but the trustee should not be required to pay more than he has; and that is what was due when in contemplation of law he got the property (i. e., judgment and interest to November 19, 1915), plus whatever interest has been earned on funds held awaiting result of litigation

We express no opinion as to the standing, in view of this decision, of creditors of Franklin's who have proved in the American Candy Manufacturing Company's bankruptcy. We do not know whether there are any creditors of the latter concern, who were not once, at all events, creditors of Franklin's.

Petitioners will recover from the estate in bankruptcy the costs of these appeals. The orders appealed from are reversed, and causes remanded for further proceedings not inconsistent with this opinion.