**BORTMAN v. URBAN MOTION PICTURE INDUSTRIES, Inc., et al.**

(Circuit Court of Appeals, Second Circuit. January 5, 1925.)

No. 198.

1. **Judgment** ⬅766—**Docketing of judgment gave judgment creditors lien on judgment debtor's real estate.**

Docketing of judgment gave judgment creditors a lien on judgment debtor's real estate.

2. **Courts** ⬅508(3)—**Federal court cannot enjoin levy of execution to enforce state court's judgment, where judgment lien has attached.**

Federal court, on appointment of receivers for defendant, after state court's judgment against defendant had been docketed, could not enjoin levy of execution, since such injunc-

tion would be in effect an injunction against suits in the state courts, in violation of Rev. St. § 720 (Comp. St. § 1242).

**3. Judgment ⬤⟿770—No lien on personal property of judgment debtor before issuance of execution.**

Receivers appointed for defendant by federal court took personal property free of lien of state court's previously docketed judgment against defendant, where no execution had been issued, since in the absence of execution there was no lien on such property.

**4. Courts ⬤⟿497—Court cannot issue execution against property which has passed free of lien into custody of other court.**

No court, whether state or federal, has a right to issue an execution against property which has passed free of lien into the care and custody of any other court, since the court which first acquires jurisdiction holds it for all purposes.

Appeal from the District Court of the United States for the Southern District of New York.

Bill by Isaac M. Bortman against the Urban Motion Picture Industries, Inc., in which receivers were appointed for defendant, and other persons were enjoined from instituting any suits or other legal proceedings against or levying executions upon any of its property. From an order denying their motion to vacate and set aside injunction clause in order appointing receivers, in so far as it operated to prevent enforcement of judgment against defendant's properties, Paul H. Berger and another appeal. Injunction modified.

Under the usual creditors' bill receivers were appointed for the above named defendant on July 28, 1924. The order contained the following injunction clause:

"Ordered, adjudged, and decreed that all creditors of defendant and all other persons whosoever be and they hereby are enjoined and restrained from instituting any suits, actions, or other legal proceedings against, or levying executions, attachments, or garnishments upon, or otherwise intermeddling with, any part of the property of defendant; and it is further," etc.

The receivers took charge of the real and personal property of the defendant, for the most part situated in Westchester county, N. Y. Prior to the institution of this suit and/or the appointment of receivers, and in June, 1924, Berger and Joy had obtained certain judgments in the Supreme Court of the state, Westchester county, against the said defendant Urban Industries, and caused the same to be duly docketed in the clerk's office of the county of Westchester.

Berger and Joy moved, inter alia, to "vacate and set aside" the injunction clause above quoted in the order appointing the receivers, in so far as it operated to prevent the enforcement of the judgments aforesaid against both the real and personal property of Urban Industries. This motion was denied, whereupon they appealed.

Hector M. Hitchings, of New York City, for appellants.

Kohlman & Austrian and D. Basil O'Connor, all of New York City (Saul J. Lance and Carl J. Austrian, both of New York City, of counsel), for receivers.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

PER CURIAM. [1] The docketing of appellants' judgment gave them a lien upon the real estate of the above-named defendant, and it may be said that one object of this suit was to prevent the enforcement of that lien by execution. At all events, this suit seems to have been used for that purpose.

[2] Probably the court below, in entering the ordinary order appointing receivers in cases like this, did not have the lien rights of Berger and Joy called to its attention; but by the motion to vacate such rights were acutely brought before it. We are of opinion that the use of this injunction to prevent, or seek to prevent, the levying of execution against the defendants' realty by way of enforcing the judgment lien, is unwarranted under R. S. § 720 (Comp. St. § 1242), because it is in effect an injunction against suits in the state courts. The signification and importance of section 720 has been recently set forth in Kline v. Burke Construction Co., 260 U. S. 226, at page 231, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077. If the sheriff had actually seized the real property in execution, the case would be exactly within Lawrence v. Morgan's, etc., Co., 121 U. S. 634, 7 S. Ct. 1013, 30 L. Ed. 1018.

There is no substantial difference between the right to enforce a lien by appropriate proceedings in execution and procedure by suit in order to foreclose a lien, and this court has repeatedly pointed out the impropriety of preventing by injunction on the chancery side of the court the foreclosure of mortgages affecting a defendant's realty at the time receivers were appointed. So far as the realty in this particular case is concerned, Southern Bank v. Folsom, 75 F. 929, 21 C. C. A. 568, is almost perfectly analogous.

We do not mean to say that there was anything wrong in the receivers taking possession of the land, there being no other person but the defendant in possession at the time; but we do hold it erroneous to retain possession of that land, or attempt to retain it, as against any lawful process to enforce the lien of the judgment, subject to which the receivers took whatever possession they enjoyed. It may be well to point out that there is no effort made in the bill herein, or in the record before us, to give to the court below jurisdiction to enjoin the enforcement of this judgment against the realty on the ground of fraud, or by the assertion that the judgment was unconscionable, or the like, as in Simon v. Southern R. R. Co., 236 U. S. 115, 35 S. Ct. 255, 59 L. Ed. 492; Marshall v. Holmes, 141 U. S. 589, 12 S. Ct. 62, 35 L. Ed. 870, or National Surety Co. v. State Bank, 120 F. 593, 56 C. C. A. 657, 61 L. R. A. 394. Nor is it pretended that any execution issued under this judgment would make the sheriff a trespasser on the land, as being an abuse of process, as in Julian v. Central Trust Co., 115 F. 956, 53 C. C. A. 438.

[3] But the situation is very different so far as Urban Industries' personalty is concerned. When the receivers were appointed and took possession, there had been no execution issued; therefore there was no lien. In re Superior Jewelry Co., 243 F. 368, 156 C. C. A. 148. It follows that the receivers took the personal property free and clear of all liens, so far as we are advised by this record.

[4] It may be admitted that there is nothing in the appointment of receivers or the filing of this bill to prevent appellants from issuing an execution against the personalty; but it would be an idle ceremony, for it is a matter too plain to require citation that no court, whether state or federal, has any right to issue an execution against property which has passed free of lien into the care and custody of any other court. The court which first acquires jurisdiction holds it for all purposes. Consequently the ·sheriff would be prevented from levying upon the personalty for underlying reasons which bear no relation whatever to section 720, R. S.

It results that the court below should have permitted Berger and Joy to issue executions on their judgments against the realty of the defendant, and to that extent the injunction above quoted must be modified.

Appellants will recover the costs of this appeal.