(60 App. Div. 277.)

STETSON et al. v. HOPPER et al.

(Supreme Court, Appellate Division, First Department. April 29, 1901.)

CREDITORS' SUIT—EQUITY—JURISDICTION.

  A complaint alleged that plaintiffs recovered judgments against a corporation, on which executions had been issued and remained unsatisfied; that the property of the corporation had been seized, and part sold under attachments, in actions by one of the defendants against an individual, which the sheriff threatened to pay to such defendant; and prayed that plaintiffs' rights be determined, and the seizures under the attachments be declared void, as against plaintiffs; that defendants account for the property held, pay plaintiffs' claims out of the fund and money collected on the accounts, and be enjoined meanwhile from interfering with such money and property. *Held*, that such complaint stated a cause of action maintainable in equity, though such action is not expressly authorized by Code Civ. Proc. §§ 1871–1879, relating to creditors' suits.

Appeal from special term, New York county.

Suit in aid of execution by Frank Stetson and others against Isaac A. Hopper, impleaded with Hoagland & Robinson Company and another. From an order granting a temporary injunction, defendant Hopper appeals. Affirmed.

  The complaint alleges the recovery by the plaintiffs of judgments against the Hoagland & Robinson Company, a domestic corporation; that executions have been issued upon said judgments, which executions are outstanding and unsatisfied; that theretofore, in two actions brought by the defendant Hopper against one Henry P. Robinson, the sheriff, under warrants of attachment issued in said actions, seized all the tangible property of said Hoagland & Robinson Company, and attached various claims due to the said company; that, under order of this court, a part of said property so seized was sold; and that the sheriff threatens to pay over the proceeds thereof to the defendant Hopper, under executions issued, or to be issued, upon the judgments recovered, or to be recovered, in said actions. The relief asked is that the rights of the plaintiffs with respect to the said moneys, chattels, and accounts may be determined; that the court ascertain the existence of any other liens upon said property; that it adjudge the seizures by the defendant Hopper and the sheriff to be void, as against the plaintiffs; that the defendants account for all the property held by them, and the plaintiffs' claims be paid out of said fund and moneys collected upon said accounts; that the defendants be meanwhile enjoined from interfering with said fund, chattels, and accounts; and that a receiver be appointed. Upon the complaint and affidavits, a motion was made and a preliminary injunction granted against the defendants, and from the order so entered this appeal is taken.

  Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Joseph E. Bullen, for appellant.
Ralph S. Rounds, for respondents.

O'BRIEN, J.   The only question arising upon this appeal is wheth-
er the complaint states a cause of action.   The appellant concedes,
for the purposes of the appeal, that, if it does, the temporary injunc-
tion was properly granted.   He insists, however, that this action,
though brought on the theory of a judgment creditor's bill, is not
maintainable; and in that connection our attention is called to sec-
tions 1871–1879 of the Code of Civil Procedure, specifying particular
creditors' actions which may be maintained, and to certain decisions
where actions in aid of the lien of a judgment creditor's execution
have been allowed when the purpose sought was to set aside fraud-
ulent conveyances and assignments made by the judgment debtor,
which prevented the lien of the plaintiff's execution from attaching
to property belonging to the judgment debtor.   The logical conclu-
sion to be drawn from this reasoning is that all their actions in equity
are improperly brought.   The error that lies at the root of this argu-
ment, however, is the assumption that a judgment creditor's action
in aid of an execution must be expressly authorized by some pro-
vision of the Code of Civil Procedure, or else must be one wherein
there has been a fraudulent conveyance or assignment.   We do not
deem it necessary to go over the ground, and point out, as has been
done in many cases, that the jurisdiction of a court of equity is not
circumscribed, exactly defined, nor entirely limited by the provisions
of the Code of Civil Procedure, and that there are actions which a
court of equity may entertain outside of those provided for in the
Code.   Thus, in Koechl v. Brewing Co., 26 App. Div. 579, 50 N. Y.
Supp. 572, it is said:

"This view proceeds upon the theory that, by the provision of the Code of
Civil Procedure (article 1, tit. 4, c. 15), no such action is authorized.   That
may be conceded.   The answer is, however, that this is not an action under
the Code.   The claim here presented upon the part of the defendant is com-
pletely answered by the decision in Easton Nat. Bank v. Buffalo Chemical
Works, 48 Hun, 561, 577, 1 N. Y. Supp. 250.   That action, like this, was to
remove an impediment which prevented plaintiff's judgments from becoming
liens; and it was observed by Mr. Justice Daniels, after showing that the
provision of the Code upon which the defendants rely had no application,
that the action 'depends wholly upon the established rules of courts of
equity.' "

See, also, Home Bank v. J. B. Brewster & Co., 15 App. Div. 338,
44 N. Y. Supp. 54, and Bank v. Dunn, 97 N. Y. 149.

In this latter case the sheriff had seized the goods in question un-
der a writ of replevin, and thereafter a judgment creditor caused the
sheriff to levy upon them under an execution, and it was held that an
order staying proceedings upon the execution, pending judgment
in the replevin action, was properly made.   Although, as correctly
stated by the appellant, that was the precise point decided, the court
used the following language, which is supported by numerous au-
thorities:

"The creditor in the present case must pursue a remedy consistent with the
sheriff's duty under the replevin, and with the hold which the law has upon
the property.   The issue of his execution gave him a general lien upon the

property of his debtor. He meets with an obstruction to his levy. We see no reason why he may not proceed in equity, making all the rival claimants parties."

If further authority were needed for the proposition that equity has jurisdiction in proper actions other than those provided for in the Code of Civil Procedure, and that such jurisdiction is not limited solely to actions where the purpose sought is to set aside fraudulent transfers and assignments, it will be found in the discussion of the cases cited in Creteau v. Glass Co., 54 App. Div. 168, 66 N. Y. Supp. 370, where, in speaking of an action brought by a judgment creditor in aid of an execution then outstanding to remove some obstruction in the way of the execution, it is said:

"Such an action can be maintained where an execution is outstanding against a corporation, and where the corporation, by assignments and transfers of its property, has placed an obstacle in the way of the creditor enforcing the execution, and is not governed by the provisions of the Code relating to judgment creditors' actions."

It is true that, in most of the cases referred to, the obstacle interposed was a fraudulent conveyance, transfer, or assignment; and from this the argument is made that the only actions, outside the Code, of which equity will take jurisdiction, are those in which a question of fraud is involved. This contention, however, overlooks the fact that the actions themselves were in aid of the executions, and for the purpose of removing some inequitable obstruction to their enforcement, and that it was a mere incident to such actions that the inequitable obstruction which appeared was caused by some fraudulent act. There is nothing in the authorities, nor can there be in reason, which would confine the exercise of the powers of a court of equity to instances where the inequitable obstacle interposed results from some fraudulent act. What equity is concerned with in such an action is the removal of the illegal or inequitable obstruction, however caused.

The present action is one brought by a creditor in aid of an execution outstanding, and the only distinction to be made between this and many of the cases mentioned in Creteau v. Glass Co., supra, lies in the fact that there the impediment was interposed by the action of a corporation or some of its officers, while here it is created by a third person, Mr. Hopper, who, having obtained judgments and executions, has seized the property of the corporation, and proposes, as the result of indemnifying the sheriff, to have him apply the property or its proceeds to the payment of the judgments which have thus been obtained, not against the corporation, but against the individual, Henry P. Robinson. In other words, when the plaintiffs' executions against the company were issued, they found all the property of the corporation in the hands of the sheriff, who has seized and holds the same, and who, by reason of the indemnity given by section 658 of the Code of Civil Procedure, was compelled to seize and hold it as the property of Robinson under an inconsistent writ, and who refuses (as obliged as the result of indemnifying him) to recognize the liens which under their executions the plaintiffs would otherwise obtain. Thus the plaintiffs' executions and liens are unenforceable at law by rea-

son of the act of Mr. Hopper in giving the statutory indemnity to the sheriff, and the purpose of this action is to obtain the aid of a court of equity to set aside this illegal obstruction, and thereby enable the plaintiffs to protect and enforce their executions and liens.

We have used the words "illegal obstruction" advisedly; for, though the question will be finally determined in this action as to whether the obstruction interposed was illegal, we are obliged, taking the allegations of the complaint as true, to assume that the property seized and now held by the sheriff under the warrants against Robinson was and is the sole property of the plaintiffs' debtor, the Hoagland & Robinson Company. In conceding that the plaintiffs are entitled to an injunction if a cause of action is stated in the complaint, the defendants, in effect, have taken the attitude of interposing a demurrer, and, for the purposes of this discussion, we must assume that the facts stated in such complaint are true. We think that the complaint states a good cause of action, which is maintainable in equity as one in aid of an execution which is outstanding, and which, under the circumstances, is rendered abortive and ineffectual by reason of the illegal obstruction which has been interposed by the defendants to the enforcement of the liens which the plaintiffs are entitled to have under their executions as against the property of the corporation.

The order accordingly should be affirmed, with $10 costs and disbursements. All concur.