SHALEK v. JETTER BREWING CO. et al.

(Supreme Court, Special Term, New York County. April 4, 1915.)

1. PLEADING ⬡⇒72—CONSTRUCTION—PRAYER FOR RELIEF.

The allegations of the complaint control, and not the prayer for relief.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 143, 144; Dec. Dig. ⬡⇒72; Damages, Cent. Dig. § 422.]

2. CORPORATIONS ⬡⇒548—ACTION BY CREDITOR IN INDIVIDUAL OR REPRESENTATIVE CAPACITY.

A complaint averring that plaintiff, suing in his individual capacity, had reduced his claim against a corporation to judgment, that execution was returned unsatisfied, that the corporation under resolution of its directors disposed of its property for a sum more than sufficient to pay its debts, including plaintiff's claim, that the proceeds constituted a trust fund on which creditors had an equitable lien superior to that of stockholders, that the proceeds were distributed by the directors among themselves as stockholders in violation of such trust, and praying for judgment against the stockholders and directors, one of whom was not a stockholder, is in the nature of a creditors' suit, and is not based on General Corporation Law (Consol. Laws, c. 23) §§ 90, 91, so as to require that the action be brought in a representative capacity in the interest of all persons similarly situated.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2182–2186; Dec. Dig. ⬡⇒548.]

3. CORPORATIONS ⬡⇒548—ACTION BY CREDITORS AGAINST STOCKHOLDERS AND DIRECTORS.

Such a suit may be maintained independently of statute.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2182–2186; Dec. Dig. ⬡⇒548.]

4. CORPORATIONS ⬡⇒548—CREDITORS' SUIT—RIGHT TO OBJECT FOR DEFECT OF PARTIES.

One of the directors of such corporation, who was not a stockholder, could not object that the suit should have been brought in a representative capacity in the interest of all creditors similarly situated.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2182–2186; Dec. Dig. ⬡⇒548.]

Action by one Shalek against the Jetter Brewing Company and one Schnueriger, with others. On the latter's motion for judgment on the pleadings. Motion denied.

See, also, 155 N. Y. Supp. 975.

Harry G. Kosch, of New York City, for plaintiff.
George H. Hyde, of New York City, for defendants.

SHEARN, J. Motion by defendant Schnueriger for judgment on the pleadings in an action in equity brought by a judgment creditor of the defendant corporation against the directors, George J. Jetter, J. Edward Jetter, who were the owners of all the stock, and the third director, Schnueriger, who was not a stockholder. The complaint alleges that the judgment was recovered on February 10, 1914, upon a cause of action accruing December 1, 1911, that the corporation interposed an answer in said action, and that execution against the property

of the corporation was returned wholly unsatisfied February 27, 1914. The complaint further alleges that on March 7, 1912, the defendant corporation, pursuant to a resolution of its board of directors, sold all of its property to another corporation for the consideration of $365,000 paid to it by the purchaser; that the proceeds of the sale constituted a trust fund in the hands of the defendant corporation and its directors for the payment of its obligations, and upon which its creditors had an equitable lien superior to that of the stockholders; that the trust fund was more than sufficient to pay all the just debts and obligations of the company, but that the defendants neglected to apply any portion of the fund to the payment of the plaintiff's judgment, having distributed the trust fund among themselves or having otherwise disposed thereof without making any provision for the payment of the company's debt to the plaintiff, in violation of their duties. Judgment is demanded that the defendants account for their official conduct in the management and disposition of the funds and property of the defendant company; that they be compelled to pay the plaintiff the value of any property acquired to themselves, or transferred to others, or wasted by violation of their duties, to the extent of plaintiff's judgment, and for general relief.

[1-4] The objection made to the complaint is that the suit is brought by the plaintiff solely for his own benefit and not in a representative capacity in behalf of all other creditors of the defendant corporation similarly situated. It will be noted from the foregoing that it is not alleged that any other creditor was left unprovided for in the distribution of the trust fund, which was sufficient to provide for all creditors, but from the distribution of which the plaintiff was excluded. Although plaintiff's counsel concede that the action is based upon sections 90 and 91 of the General Corporation Law, and the prayer for relief is in accord with this theory, it does not necessarily follow that such is the case. The allegations of the complaint control, not the prayer for relief. An analysis of the allegations in the complaint shows that this is not an action brought to dissolve the defendant corporation or administer its property, or to recover for the corporation a fund for distribution among its stockholders or creditors, but that it is in the nature of a creditors' bill, a search and trace by a diligent judgment creditor for, and the enforcement of an equitable lien upon, the assets of the corporation that have been distributed by the trustees in violation of law. It is alleged that of this illegal distribution a sum sufficient to satisfy plaintiff's judgment remains in the hands of the directors, and it is upon such fund that the action seeks to enforce a lien. That such an action can be maintained independently of the statute cannot be doubted. Darcy v. Brooklyn & N. Y. Ferry Co., 127 App. Div. 167, 169, 111 N. Y. Supp. 514, affirmed 196 N. Y. 99, 89 N. E. 461, 26 L. R. A. (N. S.) 267, 134 Am. St. Rep. 827. It is true that the point as to whether such an action must be a representative one was not raised in that case. It was raised, however, in Bartlett v. Drew, 57 N. Y. 587. That was a case where the property of a corporation had been divided among its stockholders before all its debts had been paid, and in which a judgment creditor, after the re-

turn of an execution unsatisfied, brought an action against one of the stockholders, in the nature of a creditors' bill, to reach whatsoever was received by him. The court said:

"It is insisted by the defendant, Drew, that the plaintiff can maintain no action against him alone, but that she must prosecute not only all the stockholders, to the end that each shall contribute his proportion to the payment of her debt, but her suit must be brought on her own behalf and on behalf of all the other creditors of the corporation who may choose to come in. In other words, in order to collect her debt against the company, she must institute a suit to wind up and finally settle all its affairs. That she might do this is not to be doubted, but that she of necessity must do it presents a different question. * * * We are of the opinion that the plaintiff's right of action rests upon a very plain principle of equity. This is not a proceeding to dissolve and wind up the affairs of a corporation, or to marshal its assets, but the ordinary proceeding to collect a debt from a debtor unwilling to pay. * * * It is a very plain proposition that the stock and property of every corporation is to be regarded as a trust fund for the payment of its debts, and its creditors have a lien and the right to a priority of payment over any stockholder. * * * Where stock and property has been divided between stockholders before all the debts of the corporation have been discharged, if any one stockholder is compelled to pay more than his fair share of any unpaid debt he may resort to his associates for equitable contribution; but with that proceeding the creditor has nothing to do, unless he chooses to intervene to settle equities that may exist between his debtors."

Here the defendant Schnueriger asserts no title, set-off or lien, equitable or legal, to diminish the right of the cestui. As against the judgment creditor he stands as a person holding property of the judgment debtor, and whatever may be the claims of the directors who were stockholders, arising out of their equitable lien as stockholders, or their rights to have the property of the defendant corporation judicially administered, the defendant Schnueriger, having no color of title and asserting no equitable lien, cannot withhold the property of the judgment creditor who seeks to apply the same upon his judgment in an equitable action. The cases of Davis v. Wilson, 150 App. Div. 704, 135 N. Y. Supp. 825, and Johnson v. Nevins, 87 Misc. Rep. 430, 150 N. Y. Supp. 828, cited by the learned counsel for the defendant, were both actions at law. Moreover, as was pointed out by Mr. Justice Dowling in the Davis Case, the plaintiff therein did "not seek the repayment of the funds misappropriated either to the representative of the corporation or to the creditors. * * * The judgment demanded by the complaint herein is for a sum of money only, and for no equitable relief whatever." Of course the plaintiff might have brought a representative action under the statute if he chose so to do, but it would have been a cumbersome and unnecessary form of proceeding, and one without any true basis in default of a showing that there were other creditors similarly situated among whom the entire proceeds of the sale ought to be distributed before any part thereof could be paid to the stockholders.

In the case at bar it is alleged that the proceeds of the sale were sufficient to provide for all creditors, and it does not appear that any other creditor remained unprovided for. It must be presumed in such case that the other creditors were provided for. But even if there were other creditors, the only reason advanced for requiring suit to be

brought by the plaintiff in a representative capacity is that if each individual creditor be permitted to sue for himself, there would be a race of diligence, in which the creditors earliest arriving at the point of judgment might wholly exhaust the fund, leaving nothing for other creditors equally meritorious. This argument, coming from a director charged with having misappropriated the funds of the corporation with total disregard for the obligations due creditors, is not persuasive. Moreover, in cases of judgment creditors' bills, the prize due to diligence has been awarded without criticism and with general accord ever since such actions were known. The remedy provided by the statute in favor of the creditors of a corporation against the directors, when the latter undertake to divest the corporation of all of its property and practically dissolve it without taking the proceedings for a voluntary dissolution which are prescribed by law, does not supersede or abolish the simple and efficacious creditors' bill to enforce an equitable lien upon property misappropriated but traced into the hands of an offending director or trustee.

Motion denied, with $10 costs.