RICHARD L. WHALEN and Another, Appellants, Respondents, *v.* ALVAH G. STRONG and Others, Respondents, Appellants.

Fourth Department, November 12, 1930.

*Samuel Levy* [*Jacob L. Rubenstein* of counsel], for the plaintiffs.

*Raymond Bentley*, for the defendants.

TAYLOR, J. The Special Term upon defendants' motion has held that plaintiffs' complaint states three several statutory causes of action which must be separately stated and numbered in an amended complaint (Rules Civ. Prac. rule 90). The court also struck out some paragraphs of the complaint including paragraph 21.

The complaint alleges that at the times mentioned in it the defendants were and are officers and directors of defendant Caram Corporation (hereinafter called "Caram") and that defendant Alvah G. Strong was the holder of more than ninety-five per cent of the capital stock of that corporation; that in January, 1924, certain persons executed a bond for $54,000 to secure payment of the $27,000 second mortgage in suit; that the lands covered by the mortgage through mesne conveyances became the property of Caram; that in July, 1929, taxes became due on the real property and on August ninth interest became due on the first mortgage ahead of the one in question; that payment of the

interest and taxes was demanded in August, 1929; that during all the time the defendants knew that the taxes and interest had not been paid and that they would not be paid; that foreclosure of both mortgages was imminent and that on a sale a deficiency judgment against the Caram would ensue; that the bond and second mortgage were assigned to these plaintiffs, after which a demand was made for payment of the taxes and interest on the first mortgage; that an action to foreclose the two mortgages was begun October 21, 1929, which proceeded to a sale and a deficiency judgment on April 5, 1930, against the Caram and others, and that an execution was issued and returned unsatisfied before this action was brought, and remains unpaid; that the property, to the knowledge of the defendants, was worth not over $1,000 above the first mortgage; that on and before August 21, 1929, the Caram owned " Lot B, * * * Big Tract," worth $300,000, in which there was an equity of $175,000; that Caram's imminent insolvency — and its actual insolvency on and long before August 21, 1929 — were known to all the defendants; that said " Lot B " was transferred by the Caram to defendant Alvah G. Strong August 21, 1929 — defendants participating — for inadequate or no consideration; that the conveyance was fraudulent, collusive, etc., and that even any claim of consideration was fraudulent; that the transfer was made intentionally to give a preference to Alvah G. Strong, all pursuant to a scheme of all the defendants to make the Caram insolvent and judgment proof and to prevent the property becoming subject to the lien of the deficiency judgment; all to the plaintiffs' damage in the amount of the deficiency judgment obtained; and that defendants were directors of the Caram when lot B was thus transferred. The complaint demands an accounting to the plaintiffs; that defendants pay the full value of lot B to the Caram or make a reconveyance of the land to the Caram; that the deed given be canceled and declared void and that Caram be declared the sole owner of lot B; that a receiver be appointed and the property held by him for the benefit of the plaintiffs, the Caram and its creditors; that an injunction issue preventing other transfers and that plaintiffs be paid in full by defendants the amount of their deficiency — with other or different relief, etc.

Thus the action is brought by plaintiffs in their sole behalf, to compel defendants, who are officers and directors of the Caram, to undo their fraudulent deeds as above specified, to the end that plaintiffs may be enabled to satisfy their deficiency judgment against the Caram.

Actions may be brought under sections 60–61, and sections 70–81, of the General Corporation Law and section 15 of the Stock

Corporation Law — the statutes specified in the order appealed from — by creditors, stockholders, corporations or corporate representatives, to right wrongs similar to those suffered by these plaintiffs — actions in each of which might appear in the complaint allegations similar in part to those here found.

This action is not brought to obtain sequestration under sections 70–81 (formerly sections 100–116, as amd. in part) of the General Corporation Law (as amd. by Laws of 1929, chap. 650), (1) because there is no allegation that the Attorney-General has failed to bring such an action on demand and that plaintiffs have obtained leave of the court to sue, and (2) for the reason that while those sections give a right of action to a judgment creditor and provide for sequestration, they *compel* a distribution of the corporate property *among all the creditors*, and may provide for a dissolution of the corporation. (*Home Bank* v. *Brewster & Co.*, 15 App. Div. 338.) This relief is not desired or requested in this action. The complaint does not allege that there are any other creditors, and we must assume at this time that there are none. The suggestion of a receivership appears to have been inserted in the complaint inadvisedly or in excessive caution, for — as the Special Term memorandum states — the receivership element is not an essential part of the cause of action.

Sections 60, 61, subdivisions 1, 2, 5 and 6, of the above amended General Corporation Law (formerly sections 90, 91 and derived from sections 1781, 1782 of the Code of Civil Procedure, as amd. by Laws of 1880, chap. 178, and Laws of 1907, chap. 157) provide for an action by a corporation or an officer or director of it, or by a creditor, receiver or trustee in bankruptcy, against officers and/or directors of the corporation (1) to compel an accounting for corporate property mishandled; (2) to compel payment to the corporation or to creditors for losses sustained; (3) to set aside transfers by them where the transferee knew the purpose of the transfer; and (4) to enjoin such a transfer where there is good reason to apprehend that it will be made. These sections are perhaps usually regarded as referring to derivative or representative actions. (*People* v. *Equitable Life Assurance Society*, 124 App. Div. 714, 718.) But they may be maintained at law or in equity by a creditor in an individual capacity alone. (*Darcy* v. *Brooklyn & N. Y. Ferry Co.*, 196 N. Y. 99; *Buckley* v. *Stansfield*, 155 App. Div. 735; affd., 214 N. Y. 679; *Giles Dyeing Machine Co.* v. *Klauder-Weldon D. M. Co.*, 198 App. Div. 564; revd. on other grounds, 233 N. Y. 470; S. C., 212 App. Div. 771; affd., 243 N. Y. 547.)

The purpose of section 15 of the Stock Corporation Law (as amd. by Laws of 1929, chap. 653) is to furnish means for preventing

and setting aside collusive transfers by a stock corporation to its officers, directors or stockholders or to particular creditors when it has refused to pay any due obligations and for invalidating preferences and prohibited transfers. The section provides that directors and officers who are concerned in violating the section shall be personally liable to creditors and stockholders to the extent of any loss suffered. This section contemplates both equitable actions and suits at law for damages. (*Pennsylvania R. Co.* v. *Pedrick*, 222 Fed. 75.)

Does this complaint state two separate causes of action under the said statutes and rule 90, or but a single cause of action? These statutes are remedial. They furnish additional remedies. They are in extension, not in exclusion, of existing remedies, statutory, equitable or at common law. (*People* v. *Equitable Life Assurance Society*, 124 App. Div. 714, 718; *McQueen* v. *New*, 45 id. 579, 583; *Moak* v. *Vet*, 221 id. 289.)

The signification in law of the terms " action," " cause of action " and " right of action " has been the subject of much discussion. A complaint which states facts charging liability both under the common law and a statute (*Payne* v. *N. Y., S. & W. R. R. Co.*, 201 N. Y. 436; *Gerseta Corp.* v. *Silk Assn. of America*, 220 App. Div. 302), or under two different statutes (*Luce* v. *N. Y., Chicago & St. Louis R. R. Co.*, 213 App. Div. 374; affd., 242 N. Y. 519), does not necessarily state more than a single cause of action. For the purposes of this opinion — adopting the reasoning and conclusion found in the above cited *Payne* case (at p. 441), viz., that " rights of action " are grounds of liability and the " cause of action " is the aggregation of facts constituting the wrong — we will call the alleged set of existing facts, by reason of which plaintiffs were entitled to resort to a court of law (or equity or both) for relief, their " cause of action." Plaintiffs may have had a " right of action " (*i. e.*, a right to sue, and successfully if they made sufficient convincing proof) under section 15 of the Stock Corporation Law or sections 60–61 of the General Corporation Law. But they elected to bring this action, which is not " brought to dissolve the * * * corporation or administer its property, or to recover for the corporation a fund for distribution among its stockholders or creditors, but * * * is in the nature of a creditors' bill." This " right of action " was open to plaintiffs. The remedy by statute " does not supersede or abolish the simple and efficacious creditors' bill." (*Shalek* v. *Jetter Brewing Co.*, 155 N. Y. Supp. 972; *Bartlett* v. *Drew*, 57 N. Y. 587.)

The action having been commenced after execution issued upon plaintiffs' deficiency judgment had been returned unsatisfied, it is

in substance an action " in aid of plaintiffs' execution "— not in aid of creditors generally — and may be maintained by one creditor alone to accomplish the satisfaction of his judgment. (*Creteau* v. *Foote & Thorne Glass Co.*, 54 App. Div. 168, 172; *Easton Nat. Bank* v. *Buffalo Chemical Works*, 48 Hun, 557, 560, 561; *Home Bank* v. *Brewster & Co.*, 15 App. Div. 338; *Koechl* v. *Leibinger & Oehm Brewing Co.*, 26 id. 573; *Hammond* v. *Hudson River Iron & Machine Co.*, 20 Barb. 378; *Shalek* v. *Jetter Brewing Co.*, 155 N. Y. Supp. 972.) (See, also, *Mahler* v. *Schmidt*, 43 Hun, 512, and *Stetson* v. *Hopper*, 60 App. Div. 277.)

If all these defendants participated in the same acts, as claimed, or if by reason of concerted action or conspiracy they were all chargeable with all the acts, they may be joined as defendants. (*People* v. *Equitable Life Assurance Society, supra*, 729.) It is apparent that plaintiffs are not pursuing each individual defendant for any particular active wrong which he alone committed to his own advantage and plaintiffs' disadvantage, but are seeking a judgment against all for the damage which their aggregate wrongs have caused, unless they make restoration to the Caram. It is not an aggregation of different causes of action against the different defendants, unless the principal allegations of the complaint be disregarded. (*Young* v. *Equitable Life Assurance Society*, 112 App. Div. 760, 764.)

If the instant allegations set forth a good cause of action against all the defendants, properly joined as defendants, the fact that those allegations may encompass a well-alleged cause of action under one of the sets of statutes being considered, should not, without some good reason, obligate plaintiffs to attempt to state another cause of action under a statute by simply realleging in part the cause of action already pleaded. Rule 90 of the Rules of Civil Practice does not command duplication. If the cause of action as alleged does encompass one of these statutory causes of action, that is a mere coincidence, something which the plaintiffs could hardly avoid in endeavoring to obtain the full relief to which they claim to be entitled in the action as pleaded. And defendants have not pointed out how, under this complaint, any of them is deprived of any right to plead and make proof in his own defense, or in his own affirmative behalf.

Plaintiffs hold but one " distinct and independent primary right " (Pom. Code Rem. [5th ed.] § 351) and have suffered but one distinct and independent wrong, viz., the transfer of " Lot B, * * * of the Big Tract " by defendants from the debt-ridden corporation to defendant Alvah G. Strong when corporate insolvency was at least plainly imminent to them, in order to deprive plaintiffs of

rights bound soon to accrue, and all to the knowledge of Strong. But one ultimate remedy is desired, whatever others may be incidentally invoked, viz., compelled payment of plaintiffs' deficiency judgment, whether directly by defendants, or by their restoring the property or the full value of it to the Caram.

Unquestionably, this action and actions brought under the several statutes referred to in the Special Term memorandum reach into each other to some extent. But no factual situation is presented here so diversified that there are plural reasons for suing (" causes of action ") which in fairness to any of the defendants, and with plaintiffs' selective rights in mind, ought to be separately stated and numbered. The learned Special Term has found that this action does not lie extra statutory authority or that it is a conglomeration of three statutory causes of action. We reach the conclusion that whether the action is under sections 60–61 of the General Corporation Law or section 15 of the Stock Corporation Law, or does not rest at all upon statutory authority, one " cause of action " only has been stated, and well stated, and resort to another " right " should not be compelled. The complaint is " a plain and concise [as concise as completeness and fairness to the plaintiffs will permit] statement of the material facts, without unnecessary repetition " (Civ. Prac. Act, § 241), and " a demand of the judgment to which the [plaintiffs suppose themselves] entitled " (Civ. Prac. Act, § 255), which means all demands necessary to obtain for the plaintiffs their full rights after the proof is in. It has become elementary that multiplying " demands " does not multiply causes of action.

Paragraph 21 of the complaint has been stricken out as stating but a conclusion of law. We disapprove of this because facts are stated in the paragraph which should in fairness remain as a part of the history of the material transactions alleged.

The order appealed from should be reversed on the law in all respects except as to its provisions for striking out paragraphs 22, 43 and 45 of the complaint (which is not complained of by plaintiffs, but is excepted from their appeal), with ten dollars costs and disbursements to plaintiffs, appellants, and the motion, except as above indicated, should be denied, without costs.

All concur, except SEARS, P. J., and CROUCH, J., who dissent and vote for affirmance. Present — SEARS, P. J., CROUCH, TAYLOR, THOMPSON and CROSBY, JJ.

Order reversed on the law, except as to its provisions for striking out paragraphs 22, 43 and 45 of the complaint, with ten dollars costs and disbursements to the plaintiffs, and the motion, except as to the paragraphs named, is denied, without costs.