EASTERN ROCK PRODUCTS, INC., and Others, Respondents, *v.* WALTER E. NATANSON and Another, Defendants, Impleaded with JOSEPH PALADINO, Appellant.*

Third Department, November 14, 1933.

* See, also, 239 App. Div. 529.

*Ainsworth & Sullivan* [*Charles B. Sullivan* and *Warner M. Bouck* of counsel], for the appellant.

*Charles R. Stewart* [*Robert S. Wickham* of counsel], for the respondents.

RHODES, J. The action is brought against the defendants as stockholders of the Tioga Construction Corporation by plaintiffs as judgment creditors of said corporation, to recover, pursuant to sections 69, 70 and 73 of the Stock Corporation Law, the amount unpaid by them on the shares of stock in said corporation issued to them. The complaint contains appropriate allegations alleging the organization of said corporation, the issuance of certain of its stock therein to the defendants in an amount aggregating $30,300; that said stock so issued was issued without the payment of and money, labor done or property actually received therefor and that the same remains wholly unpaid for; the allegations of insolvency of the corporation and the liquidation of its affairs; the fixing and determination of plaintiffs' claim in said proceeding, and the absence of assets of the corporation. It further alleges that the debts due plaintiffs were contracted while such stock was held by said defendants; that the defendants are liable to the creditors of the corporation to an amount equal to the sums unpaid on the stock held by them, and demands judgment against the defendants for said sum of $30,300.

It will thus be seen that the complaint states a cause of action to recover only on the statutory liability of the defendants. This is all that the complaint demands.

In addition, however, the complaint contains allegations reciting the activities of the defendants herein in doing business in certain instances as copartners, and in organizing and conducting various corporations in connection with the construction of highways and bridges under a certain highway construction contract entered into with the State of New York. There are also allegations of fraud and fraudulent scheming on the part of the defendants in connection with their said activities.

The learned justice at Special Term in his opinion states that the plaintiffs are not limited to their statutory action under section 70 of the Stock Corporation Law, and cites the case of *Whalen* v. *Strong* (230 App. Div. 617) to the effect that these statutes are remedial and furnish additional remedies and are in extension, not in exclusion, of existing remedies, statutory, equitable or at common law. His opinion further states: " At least we do not think we are justified in striking out allegations which tend to sustain a cause of action in fraud or otherwise, in addition to the statutory cause of action."

Accepting the rule, it would be applicable if the plaintiffs set forth a cause of action in addition to the statutory one. It seems clear from an examination of the complaint, however, that it fails to allege other than the statutory cause of action and that no action in tort is sufficiently pleaded. This being so, then the allegations as to fraudulent scheming of the defendants and as to their dealings in other corporations and copartnerships are unnecessary, immaterial and irrelevant, and should be stricken from the complaint.

The order should, therefore, be reversed on the law and facts, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CRAPSER, BLISS and HEFFERNAN, JJ., concur; HILL, P. J., dissents and votes to affirm.

Order reversed on the law and facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

Paragraphs second, third, fourth, all of paragraph fifth excepting that part which reads as follows: " That on or about July 8th, 1930, said Paladino-Natanson Co., Inc., entered into a contract with the State of New York, Department of Public Works, Division of Highways, for the construction of six bridges and approaches, known as Reconstruction Contract No. 2044, at the agreed price of $131,196.20 * * *;" all of paragraph sixth excepting that portion thereof reading as follows: " * * * these defendants caused to be formed under the Stock Corporation Law of the State of New York the ' Tioga Construction Corp.,' and such defendants were all the officers, directors, incorporators and stockholders of such corporation;" paragraph eighth; all of paragraph eleventh excepting that portion thereof reading as follows: " That such stock was issued to these defendants by themselves as officers and directors of said Tioga Construction Corp. without any value whatever * * *," are ordered stricken from the complaint on the ground that the same are irrelevant, immaterial and unnecessary and may tend to prejudice, embarrass or delay the fair trial of this action.