ANTHONY DeRosa, Plaintiff, *v.* JULIUS BLOCH and Others, Defendants.

Municipal Court of New York, Borough of Brooklyn, Fifth District, January 16, 1934.

*George Green,* for the plaintiff, in opposition.

*Martin Schwaeber,* for the defendants, for the motion.

SWEEDLER, J.   The defendants make this motion, pursuant to rules 106 and 112 of the Rules of Civil Practice, for an order dismissing the complaint and for judgment on the pleadings.   Upon a motion of this sort the facts stated in the complaint are deemed to be true (*Ryder* v. *Pyrke,* 130 Misc. 505; *Sweet* v. *Hollearn,* 141 id. 135), and if the plaintiff is entitled to recover on any theory, based upon the facts as stated, the motion must be denied.   (*Zaepfel* v. *Parnass,* 140 Misc. 539; *Matter of Kirkman,* 143 id. 342.)

The action is brought under section 15 of the Stock Corporation Law, which renders the directors and officers of a corporation liable to its creditors in certain instances therein specified.   The material provisions of that section are as follows: "No corporation which shall have refused to pay any of its notes or other obligations, when due, * * * nor any of its officers or directors, shall transfer any of its property to any of its officers, directors or stockholders, directly or indirectly, for the payment of any debt, or upon any other consideration than the full value of the property paid in cash.   * * *  No conveyance, assignment or transfer of any

property of any such corporation by it or by any officer, director or stockholder thereof, nor any payment made, judgment suffered * * * by it or by any officer, director or stockholder when the corporation is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over other creditors of the corporation, shall be valid. * * * Every person receiving by means of any such prohibited act or deed any property of a corporation shall be bound to account therefor to its creditors or stockholders or other trustees. * * * Every transfer or assignment or other act done in violation of the foregoing provisions of this section shall be void. * * * Every director or officer of a corporation who shall be concerned in the making of any conveyance, assignment, transfer or payment, * * * when it is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over any of the other creditors of the corporation, or who shall violate or be concerned in violating any other provision of this section *shall be personally liable to the creditors and stockholders of the corporation of which he shall be director or an officer to the full extent of any loss they may respectively sustain by such violation.*"

The complaint alleges that the defendants are directors and officers of the J. B. Construction Co., Inc.; that plaintiff obtained a judgment against said corporation for work done and materials furnished. Execution upon this judgment was returned unsatisfied. It is then further alleged that after the action was brought against the corporation, and before judgment was rendered, the defendants, as officers and directors of said corporation, caused it to disburse to them the sum of $2,795.02, *this being done while the corporation was insolvent and with knowledge of the insolvency.* It is also alleged that the money received by the defendants has never been returned to the corporation, and that the entire transaction was carried out *with knowledge and with the intent on their part to effect preferences* over other creditors of said corporation, including the plaintiff, to the latter's *damage* in the sum of $449.90.

The first point made by the defendants is that this court has no jurisdiction of the subject-matter of the action. There is no merit to this contention. In the case of *Trustees of Masonic Hall* v. *Fontana* (99 Misc. 497) the Appellate Term, First Department, held that the Municipal Court does have jurisdiction of a creditor's action under section 15 of the Stock Corporation Law (then section 66). In its opinion the court states the following: " The contention * * * that the Municipal Court had no jurisdiction of the subject-matter of this action for the reason that the action, although one

at law, is in reality equitable in its nature, is without merit. \* \* \* Even though it may be necessary for plaintiff to prove the assets and liabilities of the corporation at the time of the prohibited transfer in order to fix the amount of its damages, that fact does not go to the question of the jurisdiction of the court over the subject-matter of this action." Again, in *Whalen* v. *Strong* (230 App. Div. 617), the court, in speaking of the above-quoted provisions of the Stock Corporation Law, held that " This section contemplates both equitable actions *and suits at law for damages.*" Since in the case at bar the amount sued for is within the jurisdictional limit, the defendants' contention must fail.

The second objection raised by the defendants, namely, that the plaintiff has no legal capacity to sue and could sue only in a representative capacity, is likewise without merit. (*Caesar* v. *Bernard,* 156 App. Div. 724.) The action may be brought by a *single* creditor *in his own right.* In the case last cited the court states (at p. 727): " The liability created by this statute against directors and officers is for the loss sustained by creditors through wrongful acts of directors and officers, by which the funds of the corporation have been depleted, and instead of requiring that the action shall be brought by, or in the right of, the corporation to restore its funds, the Legislature gave a cause of action to the creditors *in their own right* to recover the damages sustained." And more recently, in *Whalen* v. *Strong* (*supra*), the court held that " The action having been commenced after execution issued upon plaintiff's judgment had been returned unsatisfied, it is in substance an action ' in aid of plaintiff's execution'— not in aid of creditors generally — *and may be maintained by one creditor alone to accomplish the satisfaction of his judgment.*"

That the complaint states a cause of action under section 15 of the Stock Corporation Law is amply supported by the cases of *Caesar* v. *Bernard* (*supra*) and *Whalen* v. *Strong* (*supra*). The gravamen of the complaint is that " the defendants caused J. B. Construction Co., Inc., to pay to themselves as officers, directors and stockholders of said corporation, *while said corporation was insolvent* and *with knowledge of the* insolvency, \* \* \* the sum of $2795.02." It is not necessary that the plaintiff be a *judgment* creditor at the time of the wrongful payments. (*Singer* v. *Aquitania Realty Corp.,* 137 Misc. 295; affd., 232 App. Div. 744; *Caesar* v. *Bernard, supra.*)

In view of the law as I find it, defendants' motion is denied, with ten dollars costs. Submit order.